# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY LERON THOMAS, # 629658,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0132-TFM-N |
| **TREY OLIVER**, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Gary Leron Thomas, who is proceeding *pro se*, filed a complaint against five Defendants without specifying a jurisdictional basis. (Doc. 1). At the time of filing, the filing and administrative fees of $402 were not paid, nor was a motion to proceed without prepayment of fees filed. Subsequently, this action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

This action has been referred to the undersigned for appropriate action. In view of the lack of utilization of the Court's forms for a § 1983 complaint or a motion to proceed without prepayment of fees, as well as the failure to pay $402 in fees, the undersigned began the assessment of this action by examining PACER (Public Access to Court Electronic Records). After reviewing the present complaint and Plaintiff's prior cases discovered on PACER, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) because

Plaintiff is barred from proceeding *in forma pauperis* and did not pay the filing and administrative fees of $402 when he filed this action.

### I. <u>Section 1915(g) and Plaintiff's Litigation History</u>.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions and appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

In screening the brief complaint (Doc. 1), the undersigned reviewed the records of the United States District Courts, nationwide, to determine if Plaintiff has three actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From this review, the Court discovered that Plaintiff had three actions and appeals dismissed

2

for one of the foregoing reasons, namely, *Thomas v. Taylor, et al.,* 1:2008cv01270-HSO-JMR (S.D. Miss. 2008) (failure to state a claim); and *Thomas v. Epps, et al.,* 3:2012cv00263-TSL-MTP (S.D. Miss. 2012) (failure to state a claim), *appeal dismissed as frivolous* (5th Cir. 2013) (three-judge panel).[1]

With these three strikes—which the Fifth Circuit noted that Plaintiff had accumulated—the present complaint comes within the scope of 28 U.S.C. § 1915(g). Therefore, unless § 1915(g)'s exception is satisfied, the present action is due to be dismissed.

## II. <u>Section 1915(g)'s Exception</u>.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Plaintiff show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d

---

[1] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Plaintiff's allegations do not show that at the time of filing he was confronting an imminent danger of serious physical injury.

Plaintiff filed his complaint on March 30, 2022. (Doc. 1). According to Plaintiff, after being arrested on October 24, 2021, he was transported to the Jackson County Adult Detention Center where he waited until November 8, 2021 to be picked up by Mobile County on a first-degree theft charge. (Doc. 1, PageID.2). When he was booked into Mobile County Metro Jail on November 8, 2021, the nurse administered a COVID-19 test and asked him questions about his health concerns as well as what special needs his eye would require. (*Id.*). The nurse stated that the Walgreens in Pascagoula would provide Plaintiff's prescriptions. (*Id.*). Plaintiff told the nurse that he needed steroid drops for the glaucoma in his left eye as his right eye was already blind from the ailment. (*Id.*). He also told her that he took "medication for r[h]eumatoid arth[]rit[i]s, [a] knee replacement, seizures-blackouts, [and] manic depression-mood instability." (*Id.*).

Plaintiff complains that from November 8, 2021 to February 24, 2022, he never received the required steroid eye drops for his eye. (*Id.* at 1-2). On February 15, 2022, he was examined by a doctor and prescribed the necessary steroid eye drops. (*Id.* at 2). The doctor told him that his left eye's vision had worsened due to the lack of

4

medical attention. (*Id.*). "The lack of medical attention . . . all occurred since [he had] been at Mobile Metro Jail." (*Id.*). And "[t]he eye doctor . . . confirmed and documented the loss of vision that ha[d] now begun in [his] left eye[.]" (*Id.*). For relief, Plaintiff requests $50 million and his immediate release.² (*Id.* at 4).

Plaintiff's allegations are accepted as true by the Court and are liberally construed due to his *pro se* status. *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770 (11th Cir. 2018). Nonetheless, the burden is on Plaintiff to show that at the time he filed the complaint on March 30, 2022, that he was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193.

Plaintiff's allegations show that he was prescribed steroid eye drops on February15, 2022 by an eye doctor to treat his left eye's glaucoma, after not having received any drops from November 8, 2022. Therefore, at the time Plaintiff filed his complaint on March 30, 2022, he had received the prescribed eye drops. Furthermore, in the request for relief, he requested damages and release but did not request eye drops. Thus, the undersigned concludes that Plaintiff's allegations do not describe an injury that was imminent at the time of filing. Rather, Plaintiff's complaint concerns the denial of prescribed eye drops in the past and not a current deprivation of eye drops. Accordingly, the undersigned finds that Plaintiff did not meet his burden of showing that he was under imminent danger of serious physical injury when he filed

---

² Release from incarceration can only be gained by filing a petition for the writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995).

his complaint.³ *See Littlejohn v. Dalton*, No. 1:21-CV-3170-MLB-JKL, 2021 WL 4928745, at *2 (N.D. Ga. Aug. 6, 2021) (collecting cases showing that, when a prisoner plaintiff receives treatment for eye ailments prior to filing complaint, he does not face imminent danger), *report and recommendation adopted,* 2021 WL 4928749 (N.D. Ga. Sept. 22, 2021); *cf. Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017) (finding that at the time of filing the inmate suffered from the complete absence of medication for treating his hepatitis C, which had caused cirrhosis to begin, and therefore met the imminent danger of serious physical injury standard for § 1915(g)); *Brown*, 387 F.3d at 1350 (finding that at the time of filing the inmate suffered from the complete withdrawal of treatment for HIV and hepatitis, which caused new medical problems, and therefore met the imminent danger of serious physical injury exception).

### III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the filing and administrative fees at the time he filed this action, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,*

---

³ After filing the complaint, Plaintiff informed the Court on March 14, 2022, that he was transferred to St. Clair Correctional Facility. (Doc. 8).

535 U.S. 976 (2002).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of May 2022.

s/ *Katherine P. Nelson*<br>
**UNITED STATES MAGISTRATE JUDGE**